

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **CASE NO. 1:11-CR-52** |
| § | |
| **CHRISTOPHER JAMES GARDNER** § | |

<u>**FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE**</u>
<u>**BEFORE THE UNITED STATES MAGISTRATE JUDGE**</u>

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Christopher James Gardner, violated conditions of supervised release imposed by United States District Judge Ron Clark. The United States Probation Office filed its Petition for Warrant or Summons for Offender Under Supervision (doc. #57) requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on September 17, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On February 9, 2012, The Honorable Ron Clark of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. Judge Clark sentenced Mr. Gardner to 60 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include the defendant shall have no contact with Meagan Jones or her mother; drug aftercare; sex offender treatment; the defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication

or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release; and a $100 special assessment. On October 6, 2017, Christopher James Gardner completed his period of imprisonment and began service of the supervision term.

On October 19, 2017, the Court amended the conditions of supervised release to include mental health aftercare, and to remove the condition the defendant shall not have contact of any kind with children under the age of 18 unless approved by the probation officer.

On May 31, 2018, this case was reassigned to the docket of United States District Judge Marcia A. Crone.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.*

On December 20, 2018, Mr. Gardner was released by the Bureau of Prisons to commence his term of supervised release; however, he failed to report to the U.S. Probation Office within 72 hours.

### C. Evidence presented at Hearing

At the hearing, the Government proffered evidence which would include the testimony of officers with the United States Probation Office. The testimony would establish that Mr. Gardner was released from the Bureau of Prisons on December 20, 2018. The evidence would further

prove that Mr. Gardner failed to report to the Probation Office within 72 hours of his release as required by his conditions of his supervision.

Defendant offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he failed to timely report to the United States Probation Office after his release from prison in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by failing to report as ordered.

If the Court finds that Mr. Gardner violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release, extend the term of supervision, and/or modify the conditions of supervision. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of IV and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*,

963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. Mr. Gardner did plead true and agreed that he violated his supervised release. Through counsel he explained that prior to his arrest he was under the impression that his probation officer was going to work with him to obtain treatment in a residential reentry center. He also stated that there was some miscommunication in this regard. Regarding the violation made the basis of the instant revocation, Gardner maintains that he called the United States Probation Office after his release, but he admits that he failed to make contact or leave a message. Mr. Gardner also noted his history of mental illness and the fact that his counsel and this court found it appropriate to make a competency determination before conducting a revocation hearing. Based on these circumstances, the defendant requests a sentence at the low end of the range recommended by the Guidelines.

In court, the United States deferred to the undersigned on an appropriate sentence. The prosecutor requested that the Court impose a sentence within the 6 to 12 month range under the

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

-5-

Guidelines. The United States Probation Office recommended a sentence of twelve (12) months as set forth in Probation's supervised release sentencing options submitted to the Court.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release with the Grade C violation as stated *supra*. In reaching a decision on an appropriate sentence, the Court considers Mr. Gardner's criminal history, his mental health history, the admitted violation, the circumstances surrounding the alleged violation, and his acceptance of responsibility. The applicable statute, 18 U.S.C. § 3583(e), and the Guidelines provide authority to revoke the supervision term or modify in light of the violation. Based on the evidence of this case and the admitted violation, the Court finds it appropriate to revoke Mr. Gardner's supervised release and sentence him to a term of imprisonment at the low end of the Guideline Range. The undersigned has taken into account the sentencing factors under 18 U.S.C. § 3553(a), especially the history and characteristics of the defendant. There was apparently some miscommunication with the Probation Office as well as Mr. Gardner's reliance on a previous offer of treatment as opposed to revocation. The violation to which Mr. Gardner pled true is a technical violation, also arising from apparent communication problems. Given these considerations, the Court finds a sentence lower than the twelve (12) months requested by Probation to be sufficient. A six (6) month sentence adequately addresses the nature of Gardner's conduct while balancing the need for a just punishment given the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

Based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the applicable sentencing factors, the totality of the

circumstances, and the testimony presented, the undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **six (6) months imprisonment** on the supervised release revocation, with no further supervision to follow.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 26th day of September, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE